UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

JOHNNY D. CULLEY,                                          Case No. 3:11-cv-1498-AC

                        Plaintiff,                          FINDINGS AND
                                                                          RECOMMENDATION

        v.

MICHAEL J. ASTRUE, Commissioner,
Social Security Administration,

                        Defendant.

_____

ACOSTA, Magistrate Judge:

        Claimant Johnny D. Culley ("Culley") moves for attorney fees pursuant to 42 U.S.C.

§ 406(b), which permits a court to award attorney fees to the attorney of a successful Social Security

claimant, so long as such award is "a reasonable fee for such representation" and "not in excess of

25 percent of the total of the past-due benefits to which the claimant is entitled . . . ." 42 U.S.C.

§ 406(b)(1)(A).  Although Culley is the claimant in this case, the real party in interest to this motion

PAGE 1 – FINDINGS AND RECOMMENDATION                                      *{SIB}*

is his attorney Alan Stuatr Graf ("Graf"), and the Commissioner does not oppose the motion, but merely acts in a manner similar to "a trustee for the claimant[]." *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 (2002). Having reviewed the proceedings below and the amount of fees sought, the court concludes that Graf is entitled to fees under section 406(b) in the amount sought.

*Procedural Background*

Culley filed for Disability Insurance Benefits under Title II of the Social Security Act on January 25, 2006, alleging disability since December 1, 2005, from HIV and epilepsy. Culley's initial claim was denied in April 2006; he did not appeal this denial. Culley reapplied for Disability Insurance Benefits, and also applied for Supplemental Security Income under Title XVI of the Social Security Act, in September 2007, alleging disability from HIV, epilepsy, anxiety, and herpes, with an onset date of September 12, 2007. The Commissioner denied these claims initially and on reconsideration. Culley's claim was heard by an Administrative Law Judge ("ALJ") at a January 12, 2010, hearing. The ALJ found Culley not disabled. Culley requested review of this decision by the Appeals Council, which request was denied. Culley then filed for review by this court on December 12, 2011.

Culley challenged the ALJ's ruling on three grounds: the ALJ failed to provide sufficient reasons to reject the opinions of multiple treatment providers; the opinion of a medical examiner; and Culley's own subjective testimony. The Commissioner conceded that the ALJ erred in evaluating the opinions of a treatment provider and the medical examiner but argued that, even after crediting these reports as true, outstanding issues existed that warranted a remand to the ALJ for further adjudication. The Commissioner also argued the ALJ did not reopen the prior application and the proper onset date was September 12, 2007, not December 1, 2005.

PAGE 2 – FINDINGS AND RECOMMENDATION                                    *{SIB}*

The court found that the opinion of the treating physician, if credited as true, supported a disability determination and that remand for a determination of benefits was appropriate. However, the court rejected Culley's argument that the ALJ *de facto* reopened the January 2006 disability application by considering medical evidence predating the second onset date and found September 17, 2007, to be the relevant date for the calculation of benefits.

*Discussion*

After entering a judgment in favor of a Social Security claimant who was represented by counsel, a court "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). However, a "twenty-five percent contingent-fee award is not automatic or even presumed; 'the statute does not create any presumption in favor of the agreed upon amount.' " *Dunnigan v. Astrue*, Civil No. 07-1645-AC, 2009 WL 6067058, *7 (D. Or. Dec. 23, 2009), *adopted* 2010 WL 1029809 (March 17, 2010)(quoting *Gisbrecht*, 535 U.S. at 807 n.17). A section 406(b) fee award is paid from a claimant's retroactive benefits, and an attorney receiving such an award may not seek any other compensation from the claimant. *Id*.

I. Fee Agreement

Under the Supreme Court's decision in *Gisbrecht*, the court first examines the contingent fee agreement to determine whether it is within the statutory twenty-five percent cap. Culley and Graf executed a contingent-fee agreement providing that if Graf obtained payment of past-due benefits, Culley would pay him twenty-five percent of the past-due benefits awarded. (Memo. in Supp. of Pl.'s Mot. for 406(b) Att'y Fees, Ex. 3.) The terms of this agreement are thus within the statute's

limits.

The next step is to confirm that the fee requested by counsel does not exceed the statute's twenty-five percent ceiling. This determination requires evidence of the retroactive benefits to be paid to the claimant. Graf has included a document from the Society Security Administration entitled "Notice of Award," which details the retroactive benefits due Culley and states that it has withheld $13,015.00, which amounts to twenty-five percent of past-due benefits available to pay a lawyer. (Memo. in Supp. of Pl.'s Mot. for 406(b) Att'y Fees, Ex. 5 at 2.) Graf seeks payment, under section 406(b), of $5,853.37 which, when combined with the $7,161.63 paid Graf under the EAJA, equals twenty-five percent of Culley's past-due benefits. Thus, the requested award is within the statutory limit. After determining that the fee agreement and the amount requested are in accordance with the statutory limits, this court next turns to "its primary inquiry, the reasonableness of the fee sought." *Dunnigan*, 2009 WL 6067058, at *10.

II.  Reasonableness Factors

An order for an award of benefits should not be viewed in isolation, nor can it be presumed always to require a fee award of twenty-five percent of a claimant's retroactive benefits award. *Dunnigan*, 2009 WL 6067058, at *12. If obtaining benefits always supported awarding fees for the maximum amount provided for by statue, the other *Gisbrecht* factors and the trial courts' assigned task of "'making reasonableness determinations in a wide variety of contexts'" would be unnecessary. *Id*. (quoting *Gisbrecht*, 535 U.S. at 808). Here, Graf seeks twenty-five percent of Culley's past-due benefits.

Counsel bears the burden to establish the reasonableness of the requested fee. *Gisbrecht*, 535

U.S. at 807.    While the court must acknowledge the "primacy of lawful attorney-client fee agreements," contingent fee agreements that fail to "yield reasonable results in particular cases" may be rejected.    *Id*. at 793, 807.    The court must ensure a disabled claimant is protected from surrendering retroactive disability benefits in a disproportionate payment to counsel.    *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (*en banc*) (citing *Gisbrecht*, 535 U.S. at 808).    The four factors to be considered when evaluating the requested fee's reasonableness have been identified by the Ninth Circuit as derived from the Court's analysis in *Gisbrecht*:

> 1.  the character of the representation, specifically, whether the representation was substandard;
>
> 2.  the results the representative achieved;
>
> 3.  any delay attributable to the attorney seeking the fee; and
>
> 4.  whether the benefits obtained were "not in proportion to the time spent on the case" and raise the specter that the attorney would receive an unwarranted windfall.

*Crawford*, 586 F.3d at 1151-53 (citations omitted).    The Ninth Circuit, in *Crawford*, also identified the risk inherent in contingency representation as an appropriate factor to consider in determining a section 406(b) award.    It focused the risk inquiry, however, stating that: "the district court should look at the complexity and risk involved in the specific case at issue to determine how much risk the firm assumed in taking the case."    *Id*. at 1153.

### A.  The Character of Representation

Substandard performance by a legal representative may warrant a reduction in a section 406(b) fee award.    *Crawford*, 586 F.3d at 1151.    The record in this case, however, provides no basis for a reduction in the requested section 406(b) fee due to the character of Graf's representation.    The

Commissioner conceded that the ALJ committed error but then argued that a remand to the ALJ for further adjudication, rather than an award of benefits, was appropriate. The court agreed with Graf's arguments on this issue and remanded for an award of benefits.  Although the court did not agree that the ALJ *de facto* reopened Culley's January 2006 disability application, the failure of this argument does not diminish the overall character of Graf's representation.

### B.  Results Achieved

The court reversed and remanded Culley's claim for an immediate award of benefits with an onset date of September 12, 2007.  The result was, thus, positive and does not weigh in favor of reducing the amount of fees awarded.

### C.  Undue Delays

A court may reduce a section 406(b) award for delays in proceedings attributable to claimant's counsel.  *Crawford*, 586 F.3d at 1151.  Here, Culley's opening brief was filed on August 6, 2012, after the court granted one unopposed motion for an extension of time, and a little over six weeks after the original due date for the opening brief.  After receiving a four-week extension of time to explore settlement options, the Commissioner filed the response brief on November 6, 2012. Culley filed a reply brief on November 23, 2012.

Graf requested only a six and one-half week extension to file his opening brief.  There is no evidence, however, that the request was for the purpose of delaying the proceedings in order to accrue additional benefits.  As the court noted in *Pennington v. Commissioner*, CV 07-1816-ST, 2010 U.S. Dist. LEXIS 97384, at *7-8 (D. Or. July 29, 2010):  "The 'excessive delay doctrine' has its roots in earlier cases denying 25% fee requests in social security cases where several years passed

between the completion of briefing and the rendering of judgment by the district court." As the court

there noted, the "type and magnitude of delay at issue" in the cases giving rise to the excessive delay

doctrine is not present in this case. *Id.*; *see also Clester v. Commissioner*, Civil No. 09-765-ST, 2011

U.S. Dist. LEXIS 9353, at *7-8 (D. Or. Jan. 7, 2011) ("Clester's attorney sought only two unopposed

requests for extensions of time of 30 days each to file each brief, for a total of 60 days. These

extensions of time are quite reasonable and do not suggest any intent to unnecessarily delay the

proceedings in order to maximize the attorney's fee award. Thus, no deduction for delay is

warranted."). The total delay being no more than seven weeks and not materially increasing the

amount of past-due benefits, or the resulting fees, the court finds that this factor weighs neither for

nor against a decrease in the fees awarded to Graf.

### D. Proportionality

Finally, a district court may reduce a section 406(b) award if "benefits . . . are not in

proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151 (citing *Gisbrecht*, 535 U.S.

at 808). The Supreme Court explained "[i]f the benefits are large in comparison to the amount of

time counsel spent on the case, a downward adjustment is . . . in order." *Gisbrecht*, 535 U.S. at 808.

Graf requests a total of 13,015.00 for 38.85 hours of work associated with litigating this case

before the district court. A review of the administrative record and the pleadings filed in this case

reveals a relatively lengthy and complex medical record involving numerous medical and mental

health practitioners. Additionally, a relatively novel issue regarding the *de facto* reconsideration of

a prior application was raised. As Judge Mosman observed in *Harden v. Commissioner*, 497 F.

Supp. 2d 1214, 1215-1216 (D. Or. 2007), "[t]here is some consensus among the district courts that

20-40 hours is a reasonable amount of time to spend on a social security case that does not present particular difficulty." Accordingly, it was reasonable for Graf to spend just under forty hours on this case that is at least average, and potentially somewhat more complex than an average Social Security case.

The fee requested by Graf amounts to a rate of $335.00 per hour. Graf argues that this hourly rate is reasonable in light of his regular billing rate of $250.00 per hour for non-contingent cases and the risks associated with taking a contingent fee case. Graf relies on the hourly rates awarded in the three companion cases reported in the first version of *Crawford v. Astrue*, 545 F.3d 854 (9th Cir. 2008). Graf states that the court approved attorney's fees representing the hourly rates of $902 in *Trejo*; $875 in *Crawford*; and $519 in *Washington*.

The average hourly rate for an attorney in private practice in Portland during the period Graf was representing Culley was $284. *Oregon State Bar 2012 Economic Survey* at 29; *See also Young v. Astrue*, Case No. 09-CV-23-AC, 2011 U.S. Dist. LEXIS 45934, at *28 (D. Or. Jan. 4, 2011) (referencing the predecessor Oregon State Bar 2007 Economic Survey and that it is "used by the judges in this district as the 'initial benchmark' for determining reasonable hourly rates applicable to attorney fee awards.") While the fee requested by Cully exceeds this average hourly rate by more than $50 per hour, the substantial amount in back benefits[1] and the more than reasonable hours expended by Graf in a case that involved a large administrative record and novel *de facto* reconsideration arguments, justifies the variance in this instance.

---

[1]By the court's calculation based on the amount withheld for attorney's fees and the understanding that this amount represents twenty-five percent of Culley's past due benefits, Culley is entitled to $52,060 in past-due benefits.

PAGE 8 – FINDINGS AND RECOMMENDATION                              *{SIB}*

    *E.*    *Risk*

Graf argues that the court should consider not only the specific risk posed by a particular case, but the general risk undertaken by Social Security practitioners.  He argues that the probability of prevailing in a Social Security case is a "multiplier" that should be applied to the average fee for a civil attorney to "properly compensate Plaintiff's attorney for the risk of non-payment due to contingency, and put him on equal footing with the average attorney in the Portland area who takes non-contingent cases." (Mem. in Supp. at 6.)  Graf misreads *Gisbrecht* and *Crawford* on this point.  The nature of contingency work is a factor to be considered when evaluating risk under *Crawford*, but the risk analysis should focus on the "complexity and risk involved in the specific case at issue . . . ." *Crawford*, 586 F.3d at 1153.

Graf points to no risk specific to this case.  The court concludes that the degree of risk was typical and does not weigh either for or against a reduced fee award.

*Conclusion*

Based on the foregoing analysis, the court concludes that Culley's Unopposed Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) (#30) should be granted and $5,853.37 in section 406(b) fees awarded.

*Scheduling Order*

The Findings and Recommendation will be referred to a district judge.  Objections, if any, are due **November 13, 2013**.  If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within fourteen days after being served with a

PAGE 9 – FINDINGS AND RECOMMENDATION        *{SIB}*

copy of the objections.  When the response is due or filed, whichever date is earlier, the Findings and

Recommendation will go under advisement.

DATED this 29th day of October, 2013.


/s/  John V. Acosta
JOHN V. ACOSTA
United States Magistrate Judge